**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

STEPHEN KYLE CLARK,

    Plaintiff,

v.

TERP NATION LLC,
SMOKE NATION LLC,
JHAYSON ALVARADO,
SCOT BILLINGS GREVE, and
TINA ASHCHIAN,

    Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff STEPHEN KYLE CLARK ("Clark") brings this action against Defendants TERP NATION LLC ("TN"), SMOKE NATION LLC ("SN"), JHAYSON ALVARADO ("Alvarado"), SCOT BILLINGS GREVE ("Greve"), and TINA ASHCHIAN ("Ashchian") and alleges as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, TN was a Florida corporation that regularly transacted business in Broward County, Florida.

4.    At all times material hereto, SN was a Florida corporation that regularly transacted business in Broward County, Florida.

1

5.      Upon information and belief, TN's gross sales or business generated was over $500,000 per year at all times material hereto.

6.      TN has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7.      TN was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8.      Upon information and belief, SN's gross sales or business generated was over $500,000 per year at all times material hereto.

9.      SN has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10.     SN was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11.     TN and SN are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

12.     TN and SN were joint employers of Plaintiff under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

13.     Alvarado is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of TN, ran the day-to-day operations, had operational control over TN, and was directly

involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

14.     Alvarado is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SN, ran the day-to-day operations, had operational control over SN, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

15.     Greve is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of TN, ran the day-to-day operations, had operational control over TN, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

16.     Greve is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SN, ran the day-to-day operations, had operational control over SN, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

17.     Ashchian is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of TN, ran the day-to-day operations, had operational control over TN, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

18.     Ashchian is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SN, ran the day-to-day operations, had operational control over SN, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

19.     TN operates a business engaged in sales of smoking products and accessories.

20.     SN operates a business engaged in sales of smoking products and accessories.

21.     Clark worked for Defendants as a manager.

22.     Defendants failed to pay Clark's full and proper overtime wages.

23.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

24.     Attached as **Exhibit A** is a preliminary calculation of Clark's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

25.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**AGAINST ALL DEFENDANTS**

26.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-25 above as if set forth herein in full.

27.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

28.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382

5